**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4287**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AUGUSTIN CARBAJAL-MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:06-cr-00313-RLW)

Submitted:  July 31, 2007            Decided:  August 15, 2007

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, N. G. Metcalf, Assistant United States Attorney, K. Elizabeth Sieg, Andrew K. Mann, Third-Year Law Students, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Augustin Carbajal-Martinez pled guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(b)(4) (2000). The properly calculated advisory Sentencing Guidelines' range of imprisonment was seventy-seven to ninety-six months. The district court took note of Carbajal-Martinez's criminal history and his prior re-entries after deportation, and sentenced him to ninety-six months' imprisonment. Carbajal-Martinez claims the sentence is unreasonable and the court erred by not considering his motion for a variance sentence below the guidelines or by not providing an adequate statement of reasons. Finding no error, we affirm.

A sentence is reviewed for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007). It is the district court's responsibility to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). Tucker, 473 F.3d at 561. If the appeals court concludes that the sentence achieves this goal, the sentence may be affirmed as reasonable. Id. To this end, the sentencing court should correctly determine the advisory guideline range and decide whether a sentence within the range serves the factors set out in § 3553(a). Id. "[A] sentence within the proper advisory Guidelines range is

presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

"[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 3044 (2007). "A sentence may be procedurally unreasonable . . . if the district court provides an inadequate statement of reasons." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (alteration added), cert. denied, 126 S. Ct. 2054 (2006). "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." Montes-Pineda, 445 F.3d at 380 (internal citations omitted). A court need not "robotically tick through § 3553(a)'s every subsection." Johnson, 445 F.3d at 345. "[I]n determining whether there has been an adequate explanation, [this Court does] not evaluate a court's sentencing statements in a vacuum." Montes-Pineda, 445 F.3d at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [this Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

- 3 -

We find the district court considered the § 3553(a) factors and considered Carbajal-Martinez's arguments for a lower sentence. We further find the district court provided an adequate explanation as to why it imposed a sentence at the high end of the guidelines. Thus, we find the sentence was reasonable. We further find that by virtue of the sentence within the guidelines, the court denied Carbajal-Martinez's motion for a variance sentence.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED